**In re Darrin BUGGS.**

No. 06–05–00078–CV.

Court of Appeals of Texas, Texarkana.

Submitted June 23, 2005.

Decided June 24, 2005.

---

Darrin Buggs, Rosharon, pro se.

Before MORRISS, C.J., ROSS and CARTER, JJ.

## OPINION

Opinion by Justice CARTER.

Darrin Buggs has filed a petition for writ of mandamus seeking two separate types of relief. The underlying lawsuit is against a former employee of the Texas Department of Criminal Justice (TDCJ). In the petition, Buggs asks us to (1) order the district judge, in whose court Buggs' civil lawsuit is pending, to order the district clerk to take a number of actions that would culminate in serving citation by publication, and (2) order the district judge to rule on his discovery motion, in which he asked the trial court to order the director of the TDCJ to take all necessary actions to obtain an address for its now Kansas-bound former employee.

Mandamus issues only when the mandamus record establishes (1) a clear abuse of discretion or the violation of a duty imposed by law, and (2) the absence of a clear and adequate remedy at law. *Cantu v. Longoria,* 878 S.W.2d 131 (Tex. 1994); *Walker v. Packer,* 827 S.W.2d 833, 839–40 (Tex.1992). A trial court is required to consider and rule on a motion within a reasonable time. *Barnes v. State,* 832 S.W.2d 424, 426 (Tex.App.-Houston [1st Dist.] 1992, orig. proceeding). One court has held that eighteen months is too long and found mandamus appropriate as a means to compel the court to rule. *In re Ramirez,* 994 S.W.2d 682, 684 (Tex.App.-San Antonio 1998, orig. proceeding).

Once a plaintiff initiates a lawsuit by filing an original petition, citation should issue and be served, along with the original petition, on all named defendants. Tex.R. Civ. P. 21, 99(a), 106, 108, 109.

"Upon the filing of the petition, the clerk, when requested, shall forthwith issue a citation and deliver the citation as directed by the requesting party. The party requesting citation shall be responsible for obtaining service of the citation and a copy of the petition." TEX.R. CIV. P. 99(a); *see Allen v. Rushing,* 129 S.W.3d 226, 230 (Tex.App.-Texarkana 2004, no pet.). Rules 109, 114, and 116 address service by publication. TEX.R. CIV. P. 109, 114, 116. It is therefore the duty of the district clerk to issue service of process in accordance with the rules.[1]

■ Buggs asks this Court to order the district judge to order the district clerk to do her duty. Under these circumstances, however, on the record presented to this Court, we cannot say that such a duty has arisen. The motion referenced is an "Advisory to the Court," which merely points out that Buggs has no good means of access to resources needed to obtain service through a media outlet in Kansas. He seeks to have the court order the clerk to retrieve an address of a newspaper in Kansas and secure the publication of notice to the defendant in such outlet. It is clearly not part of the duty of the district clerk to seek out and locate either person or newspaper in Kansas for the benefit of a plaintiff. It is also not the obligation of the clerk to provide payment to the media outlet for such service. As set out in Rule 99(a), the responsibility lies on the party requesting citation.

Further, the "advisory" is not a motion seeking relief, and there is nothing within it seeking action by the district court. Thus, no error of law adequate to justify mandamus has been shown.

■ In the remaining argument, Buggs asks us to order the district judge to rule on his discovery motion, in which he asked the trial court to order the director of the TDCJ to take all necessary actions to obtain an address for its now Kansas-bound former employee. Although a district judge does have a duty to rule on motions properly before it, we also note that only three months have elapsed since the date on which Buggs states the motion was presented to the court. In the absence of additional information, we cannot say that, as a matter of law, sufficient time has elapsed to justify ordering the court to rule on the motion.

Further, we note that the motion on its face neither indicates that any request for discovery has been sent to the TDCJ nor has it had an opportunity to respond. It would be premature to order that entity to provide information for which no proper request has been made. Finally, we note that Buggs does not seek information in the custody of the TDCJ, but seeks to direct that entity to seek out and obtain information. The scope of discovery for tangible items only requires production of items within the person's possession, custody, or control. *See* TEX.R. CIV. P. 192.3(b).

For all of these reasons, we deny the petition for writ of mandamus.

■

---

1. We note that the duty may be negated by the trial court under certain circumstances. *See* TEX. CIV. PRAC. & REM.CODE ANN. art. 14.003(a) (Vernon 2002).