Opinion filed March 8, 2012



## In The

# Eleventh Court of Appeals

_____

## No. 11-11-00205-CV

_____

### TIMOTHY W. BUCHANAN, Appellant

### V.

### JOHN CLINE ET AL., Appellees

**On Appeal from the 132nd District Court**

**Borden County, Texas**

**Trial Court Cause Nos. 1176-E, 1176-F, 1176-G, 1176-H, 1176-I, 1176-J, 1176-K, 1176-L, 1176-M, 1176-N, 1176-O, 1176-P, 1176-Q, & 1176-R**

### M E M O R A N D U M   O P I N I O N

This appeal arises from Timothy W. Buchanan's pro se civil action filed against twelve individuals that served on a Borden County grand jury that indicted him, the court reporter, and the former sheriff. The trial court entered an order of dismissal with respect to appellant's claims against these fourteen defendants (hereinafter collectively referred to as "appellees") for want of prosecution. We affirm.

Appellant is an inmate in the Institutional Division of the Texas Department of Criminal Justice. He is currently serving a sixty-year sentence for his conviction occurring on

November 1, 2000, for aggravated sexual assault of a child. Appellant's conviction arose from Trial Court Cause No. 192 in the 132nd District Court of Borden County. This court affirmed his conviction in 2002 in Cause No. 11-00-00368-CR.

This appeal concerns appellant's indictment in Trial Court Cause No. 193. The grand jury indicted him for indecency with a child in Trial Court Cause No. 193. Appellant was never tried for the offense of indecency with a child in Trial Court Cause No. 193 because the trial court granted the State's motion to dismiss Trial Court Cause No. 193 on October 29, 2007. The State based the motion to dismiss on the ground that "[t]he defendant was convicted in Cause Number 192 on the 1st day of November, 2000, and was sentenced to sixty years in the Institutional Division of the Texas Department of Criminal Justice and a $10,000.00 fine." Despite the fact that Trial Court Cause No. 193 was dismissed on the State's motion after his conviction in the other case, appellant contends that appellees are liable to him under a tort theory of recovery because the indictment stated the wrong term of court. Appellant additionally contends that appellees are liable to him for damages because the district attorney's brother-in-law served on the grand jury.[1] Irrespective of his conviction and sixty-year sentence arising from Trial Court Cause No. 192, appellant contends that he suffered damages as a result of the allegedly defective indictment in Trial Court Cause No. 193 because "it could be use [sic] against me."

In a single issue, appellant contends that the trial court erred in dismissing his claims against appellees. A trial court's authority to dismiss a case for want of prosecution is derived from two sources: TEX. R. CIV. P. 165a and the court's inherent power to dismiss when the plaintiff fails to prosecute the case with due diligence. *Dick Poe Motors, Inc. v. DaimlerChrysler Corp.*, 169 S.W.3d 478, 484 (Tex. App.—El Paso 2005, no pet.); *Johnson-Snodgrass v. KTAO, Inc.*, 75 S.W.3d 84, 87 (Tex. App.—Fort Worth 2002, pet. dism'd); *see Villarreal v. San Antonio Truck & Equip.*, 994 S.W.2d 628, 630 (Tex. 1999). Rule 165a(1) authorizes dismissal when a party or its counsel fails to appear at a hearing or trial. Rule 165a(2) authorizes the court to dismiss a case when it is not disposed of in accordance with the time standards prescribed by the supreme court. The record before us establishes that the court relied on its inherent powers to dismiss a case for want of prosecution rather than Rule 165a(1) or

---

[1]Appellant has not cited any authority supporting his contention that the district attorney's brother-in-law was disqualified from serving on the grand jury. While a prosecutor that is personally involved in presenting an indictment is subject to challenge, there is no statutory authority precluding a relative of a prosecutor from grand jury service. *See* TEX. CODE CRIM. PROC. ANN. art. 19.31(2) (West 2005).

165a(2). The central issue to be addressed in this case, therefore, is whether appellant exercised due diligence.

The decision to dismiss a case for want of prosecution rests within the sound discretion of the trial court and can be disturbed on review only if it amounted to a clear abuse of discretion. *See State v. Rotello*, 671 S.W.2d 507, 508–09 (Tex. 1984); *Dick Poe Motors*, 169 S.W.3d at 484. The appellant bears the burden of producing a record that shows the trial court abused its discretion. *Simon v. York Crane & Rigging Co.*, 739 S.W.2d 793, 795 (Tex. 1987). The trial court may consider the entire history of the case, including the amount of activity in the case, the length of time the case was on file, requests for a trial date, and the existence of reasonable excuses for delay. *See Bilnoski v. Pizza Inn, Inc.*, 858 S.W.2d 55, 58 (Tex. App.—Houston [14th Dist.] 1993, no writ.); *City of Houston v. Malone*, 828 S.W.2d 567, 568 (Tex. App.—Houston [14th Dist.] 1992, no writ).

The trial court made the following express findings in its order of dismissal:

1. Plaintiff filed his petition in this cause on March 4, 2009;

2. Upon filing suit, Plaintiff requested service on all Defendants;

3. At the time of filing suit, and as of the date of this order,[2] Plaintiff has not provided addresses for service of citation on the Defendants listed below;

4. The Defendants listed below have not, as of the date of this Order, been served with citation (footnote added).

Based upon these findings, the trial court determined that appellant had not exercised due diligence in prosecuting his claims against defendants. Appellant does not dispute that, as of the date of the order of dismissal, appellees had not been served with citation though his petition had been filed for more than two years. He essentially argues that his inaction should be excused because the district clerk did not provide him with appellees' addresses.

Upon the filing of an original petition, the district clerk shall, when requested by the plaintiff, issue citation and deliver the same to the plaintiff. TEX. R. CIV. P. 99(a). Rule 99(a) provides, in pertinent part, that, on the filing of the petition, "the clerk, when requested, shall forthwith issue a citation and deliver the citation as directed by the requesting party. The party requesting citation shall be responsible for obtaining service of the citation and a copy of the

---

[2]The Order of Dismissal was dated July 14, 2011.

petition" (emphasis added). It is the responsibility of the party requesting service to see that service is properly accomplished. *See id.*; *Primate Constr., Inc. v. Silver*, 884 S.W.2d 151, 153 (Tex. 1994). It is not the duty of the trial court clerk to seek out and locate the whereabouts of defendants for the benefit of a plaintiff. *See In re Buggs*, 166 S.W.3d 506, 508 (Tex. App.— Texarkana 2005, orig. proceeding). As set out in Rule 99(a), this responsibility lies on the party requesting citation. *Id.* Accordingly, the trial court did not abuse its discretion in determining that appellant had not exercised due diligence in obtaining service of citation on appellees.

Appellant presents an additional complaint that the trial court erred in severing the claims against the individual appellees. Trial courts have broad authority to order a severance, and their decision to do so will not be reversed on appeal absent an abuse of discretion. *Liberty Nat'l Fire Ins. Co. v. Akin*, 927 S.W.2d 627, 629 (Tex. 1996). In this regard, the severance did not constitute an abuse of discretion because it served the purpose of making the judgments final with respect to the individual appellees.

Moreover, grand jurors have absolute immunity from suit arising out of their service as grand jurors. *Imbler v. Pachtman*, 424 U.S. 409, 423 n.20 (1976); *Walker v. Skeen*, 31 F. App'x 155, 2001 WL 1748354, at *1 (5th Cir. Dec. 12, 2001). Absolute immunity is effective against all claims regardless of whether they are lodged against the individuals possessing it in his or her official or personal capacities. *Clawson v. Wharton County*, 941 S.W.2d 267, 273 (Tex. App.— Corpus Christi 1996, writ denied). The absolute immunity possessed by grand jurors exists even if they acted erroneously, maliciously, wantonly, or negligently. *See Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978). Appellant's sole issue on appeal is overruled.

The judgment of the trial court is affirmed.

PER CURIAM

March 8, 2012

Panel consists of: Wright, C.J.,
McCall, J., and Kalenak, J.

4