

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  |  |  |
|---|---|---|
| HEIKE INGRID CURLEY, | § | No. 08-12-00257-CV |
| Appellant, | § | Appeal from |
| v. | § | 388th District Court |
| MICHAEL RICHARD CURLEY, | § | of El Paso County, Texas |
| Appellee. | § | (TC # 2011DCM05843) |
|  | § |  |

## O P I N I O N

Heike Ingrid Curley challenges a default judgment of divorce on the basis of personal jurisdiction. For the reasons that follow, we reverse and remand.

### FACTUAL SUMMARY

Heike and Michael Richard Curley were married in 2002 and had one child, Z.J.C., born in 2004. After an event in 2011 during which Michael was arrested for domestic violence, Heike moved from El Paso to Wisconsin with the child In October 2011, Michael filed for divorce which included a suit affecting the parent-child relationship. After unsuccessful attempts to serve Heike with process at the address of her previous ex-husband in Kenosha, Wisconsin, Michael's attorney filed an affidavit in support of service by publication. The citation was published in a newspaper in Kenosha, where Michael believed Heike to be, in February of 2012.

The citation described the nature of the suit only as a petition for divorce. It made no mention of Z.J.C. or Heike's relationship with him.

Following a final hearing, the trial court entered a default decree of divorce on March 29, 2012. The court awarded Michael the exclusive right to designate the primary residence of Z.J.C., possession of the family's home, and several other significant rights. With the court's order in hand, Michael traveled to Wisconsin, located Z.J.C., and took possession of him just seventeen days after the final decree was entered. Michael located Z.J.C. by looking for Heike's address on the internet. Heike filed a motion for new trial in May of 2012, which the trial court orally denied during a hearing on the motion held on July 10, 2012. This appeal follows.

On appeal, Heike argues that service was deficient in three respects: (1) the citation failed to give notice that the suit involved the parent-child relationship with her son, (2) Michael was not sufficiently diligent in attempting to ascertain her residence or whereabouts before serving her by publication, and (3) the publication of the citation failed to comply with the Texas Rules of Civil Procedure because it was published outside of the State of Texas and in a county other than where the suit was pending. Heike contends that each of these defects deprived the trial court of personal jurisdiction over her, and thus that the default judgment was void. We agree with her first and second arguments and thus do not reach the third.

## WAS CITATION SUFFICIENT?

Section 102.010 of the Texas Family Code establishes the requisites of a published citation in a suit affecting a parent-child relationship. TEX.FAM.CODE ANN. § 102.010 (West 2014); *see also Wiebusch v. Wiebusch*, 636 S.W.2d 540, 542 (Tex.App.--San Antonio, 1982, no writ). Among other things, Section 102.010 requires that the citation be published in "substantially" the following form:

2

> You have been sued. You may employ an attorney. If you or your attorney do (does) not file a written answer with the clerk who issued this citation by 10 a.m. on the Monday next following the expiration of 20 days after you were served this citation and petition, a default judgment may be taken against you. The petition of _____, Petitioner, was filed in the Court of _____ County, Texas, on the ___ day of _____, _____, against _____, Respondent(s), numbered _____, and *entitled 'In the interest of _____, a child (or children).' The suit requests (statement of relief requested, e.g., 'terminate the parent-child relationship'). The date and place of birth of the child (children) who is (are) the subject of the suit: _____.*

[Emphasis added]. TEX.FAM.CODE ANN. § 102.010(c). Authority for citation by publication derives solely from the statute. *Wiebusch*, 636 S.W.2d at 542. As such, failure to show compliance with the statute renders service by publication invalid and requires setting default judgment aside. *Id.*; *see also Uvalde Country Club v. Martin Linen Supply Co., Inc.*, 690 S.W.2d 884, 885 (Tex. 1985)(per curiam).

The citation published here provided no notice that the suit affected rights of conservatorship and possession. Indeed, the citation made no mention of Z.J.C. whatsoever; nor did it contain the word "child." Additionally, the citation incorrectly captioned the suit as follows: "In the matter of a Marriage Michael Curley vs. Heike Curley." The correct caption of the suit is instead: "In the Matter of a Marriage Michael Richard Curley and Heike Ingrid Curley, *And in the Interest of Z.J.C., a Child.*" [Emphasis added]. *See* TEX.R.CIV.P. 114 (requiring citation by publication to "contain the names of the parties").

Michael counters that when a suit seeks both divorce and modification of the parent-child relationship, the form for published citation outlined in Section 102.010 may properly be combined with the form listed in Section 6.409 of the Family Code. *See* TEX.FAM.CODE ANN. § 6.409(b), (c)(West 2006)(outlining form for published citation in divorce actions and stating that it "may be combined" with the form outlined in Section 102.010 in "appropriate situations"). This argument assumes, of course, that publication was appropriate in the first instance.

Temporarily setting that consideration aside, the citation Michael published did not combine the language of Sections 6.409 and 102.010. Indeed, the only language contained in the citation that arguably stems from Section 102.010 is that which recites Heike's deadline to answer the suit. But this elementary language is outlined in *both* Section 102.010 and Section 6.409, and the citation Michael published contains nothing that is particular to Section 102.010. *See* TEX.FAM.CODE ANN. § 6.409(b), § 102.010(c). In short, the citation did not effect the purpose of Section 102.010(c) in any way.

"[N]otice of the nature of the suit is essential to a valid citation by publication." *Wiebusch*, 636 S.W.2d at 542. At a minimum, this includes notice that the suit seeks to alter the parent-child relationship. *Id.* (reversing a default judgment modifying a parent-child relationship where the published citation incorrectly characterized the suit as seeking termination of the relationship). *See also* TEX.R.CIV.P. 114 (requiring citation by publication to contain a "brief statement of the nature of the suit"). We hold that the citation failed to substantially comply with the form prescribed for published citations by Section 102.010(c).

## DUE DILIGENCE?

Citation by publication is appropriate upon the affidavit of a party or his attorney or agent affirming that a diligent effort to locate the whereabouts of the party to be served has been unsuccessful. TEX.R.CIV.P. 109; *see also In re E.R.*, 385 S.W.3d 552, 564 (Tex. 2012). The trial court must inquire into the diligence of the search before granting any judgment based upon service by publication. *Id.* A lack of diligence renders service by publication ineffective, thereby depriving the litigant of due process and the trial court of personal jurisdiction. *In re E.R.*, 385 S.W.3d at 564, 566. A judgment rendered under such circumstances is thus void. *Id.* at 566. Even if the instant citation had been given substantially in the form of Section

4

102.010(c), the record establishes that Michael was not duly diligent in attempting to locate Heike before resorting to service by publication.

During the final hearing conducted on March 26, 2012 (three days before the trial court entered its final decree of divorce), it was adduced that Michael's efforts to locate Heike included telephone calls, emails to her ex-husband, and efforts to personally serve her at her ex-husband's address in Kenosha, Wisconsin. Michael testified that Heike had brothers and sisters living in Germany, but that he did not have their contact information and had not attempted to contact them. Michael further testified that he knew where Z.J.C. attended school in Kenosha, that he regularly spoke to Z.J.C.'s teacher, and that he knew Z.J.C. took the bus to and from school each day. But he did not use any of this information to attempt to locate Heike, explaining that the teacher "kind of avoid[ed] the question [of Heike's whereabouts]."

During the hearing on Heike's motion for new trial, Heike testified that Michael knew how to contact several persons who knew her whereabouts, including her family in Germany, her ex-husband in Kenosha, and her ex-mother-in-law in Kenosha. She also testified that Michael could have obtained her current address from her telephone service provider, which listed Michael as an authorized user on the account, as well as her military insurance provider. Heike had searched her own name on the internet in September of 2011 and had found her correct address. Michael also testified during the hearing. His last effort to find Heike's address on the internet was in November of 2011. The citation was published on February 22, 2012; Although that internet search was unsuccessful, Michael quickly and easily found Heike's correct address via the internet when he found and took possession of Z.J.C. on April 15, 2012, seventeen days after the default judgment had been entered.

5

Based on this record, we conclude that Michael was not sufficiently diligent in attempting to locate Heike before resorting to service by publication. "A diligent search must include inquiries that someone who really wants to find the defendant would make, and diligence is measured not by the quantity of the search but by its quality." *In re E.R.*, 385 S.W.3d at 565, *citing Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 315, 70 S.Ct. 652, 94 L.Ed. 865 (1950). Even disregarding the contested evidence regarding Michael's ability to locate Heike's whereabouts, Michael neglected "obvious inquiries" that a diligent litigant would have made. *Id.*, *quoting In the Interest of S.P.*, 672 N.W.2d 842, 848 (Iowa 2003). As such, the trial court lacked personal jurisdiction over Heike, and the final decree it entered against her by default is void.

Because the record does not show proper service of citation, we need not determine good cause, meritorious defense, or whether Heike had actual knowledge of the suit. *In re E.R.*, 385 S.W.3d at 563 (holding that if service is invalid the party is "entitled to a new trial without showing good cause"); *Caldwell v. Barnes*, 154 S.W.3d 93, 96-97 (Tex. 2004)(per curiam)("if a plaintiff was not served, constitutional due process relieves the plaintiff from the need to show a meritorious defense"); and *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990)(actual notice to a defendant, without proper service, is not sufficient to convey jurisdiction upon a court to render default judgment). Accordingly, the judgment is reversed and remanded for trial.

August 6, 2014

ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rivera, and Rodriguez, JJ.

6