**Opinion issued March 8, 2018**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-17-00595-CV

———————————

**ROGELIO DE LA CERDA, Appellant**

**V.**

**YADIRA ELIZABETH JARAMILLO, Appellee**

---

**On Appeal from 311th District Court
Harris County, Texas
Trial Court Case No. 2016-78567**

---

### MEMORANDUM OPINION

Appellant, Rogelio De La Cerda, an inmate proceeding pro se, challenges the trial court's judgment dismissing his suit against appellee, Yadira Elizabeth Jaramillo, for divorce. In his sole issue, appellant contends that the trial court erred in dismissing his suit for want of prosecution.

We affirm.

## Background

The record shows that, on November 14, 2016, appellant filed a petition for divorce from appellee, and he requested that she be served as follows:

> Process should be served on Respondent at/or by the Court Bulletin Board. A Hearing in the above numbered Court is to be held on December 8, 2016, Cause No. 201644849. The Respondent's presence is required. This hearing is being brought by the Attorney General a suit affecting the Parent-Child Relationship and to establish the Parent-Child relationship.
>
> Petitioner hereby requests that the Clerk issue a Citation and serve the Respondent in accordance with this paragraph, and the Texas Rules of Civil Procedure, Rule 103.

In his petition, he requested that he "not be Bench-Warranted for any proceedings in this matter" and stated that he "expressly waive[d] his right to be present at any proceedings or hearings related to this matter." Appellant also filed an affidavit of indigence for court costs.

On November 28, 2016, appellant filed a "Motion for Service," requesting that appellee be served with process at the Family Law Center, Houston, when she attended a scheduled hearing on December 8, 2016, in a child-support case, "Cause No. 2016644849." Appellant also requested, in the event that appellee did not attend the hearing, "Alternative Service" on the "Court's Bulletin Board for seven days." Appellant asserted that he was "unaware of [appellee's] current address."

2

On December 12, 2016, the trial court sent to appellant a "SCHEDULING

ORDER and NOTICE OF INTENT TO DISMISS," which states, in pertinent part:

> NOTICE OF INTENT TO DISMISS ON TRIAL DATE. THIS CASE
> MAY BE DISMISSED FOR WANT OF PROSECUTION ON DATE
> OF TRIAL if, by the trial date there is no:
>   a. Service with citation; or
>   b. Answer on file; or
>   c. Properly executed Waiver on file;
>   d. Alternative Dispute Resolution;
>   e. Compliance with local rules 4.2, 4.3, and 4.4.

On March 20, 2017, the trial court sent to appellant a second "SCHEDULING

ORDER and NOTICE OF INTENT TO DISMISS." The Scheduling Order sets a

pre-trial conference for May 5, 2017 and trial for May 15, 2017. The Notice of Intent

to Dismiss states:

> NOTICE OF INTENT TO DISMISS ON TRIAL DATE. THIS CASE
> MAY BE DISMISSED FOR WANT OF PROSECUTION ON DATE
> OF TRIAL if, by the trial date there is no:
>   a. Service with citation; or
>   b. Answer on file; or
>   c. Properly executed Waiver on file[.]

The trial court also attached a notice that if a party failed to appear for a scheduled

pre-trial conference or for trial, the trial court "may DISMISS THE CASE FOR

WANT OF PROSECUTION."

On March 31, 2017, appellant filed a second "Motion for Service," this time requesting service of process on appellee by certified mail, return receipt requested, at "9918 Haddick St., Unit B, Houston, Texas 77078."

On March 31, 2017, appellant filed a "Motion for Bench Warrant and/or Teleconference," asserting that he was incarcerated and requesting that the trial court issue a bench warrant so that he could appear at the pre-trial conference on May 5, 2017, and trial on May 15, 2017, so that his case would "not be dismissed for want of prosecution." He requested, alternatively, that he be allowed to appear by teleconference.

On April 3, 2017, the trial court issued an order denying appellant's motion for a bench warrant or to appear by teleconference. A hand-written note on the trial court's order states:

> The Court denied the request at this time as the movant has not served all necessary parties in this matter so that this matter may proceed. The Court will reconsider the request if proof of service on the respondent is provided to the Court along with a motion to reconsider said motion.

On May 8, 2017, the trial court, without stating a specific basis, "order[ed] the matter dismissed."[1] Appellant did not file a motion to reinstate.

---

[1] Appellant states in his notice of appeal that he did not request findings of fact and conclusions of law. Generally, findings of fact and conclusions of law "have no purpose and should not be requested, made, or considered on appeal" in a dismissal for want of prosecution without an evidentiary hearing. *See IKB Indus. (Nigeria) Ltd. v. Pro-Line Corp.*, 938 S.W.2d 440, 443 (Tex. 1997). Here, however, the trial court's order dismissing the case states that it "considered the pleadings, evidence,

4

**Dismissal**

In his sole issue, appellant argues that the trial court erred in dismissing his case for want of prosecution for failure to appear at the pre-trial conference because he is incarcerated and was unable to appear after the trial court denied his request for a bench warrant or to appear by teleconference.

## A. Standard of Review and Legal Principles

We review a trial court's dismissal for want of prosecution for an abuse of discretion. *See MacGregor v. Rich*, 941 S.W.2d 74, 75 (Tex. 1997). A trial court abuses its discretion if it acts in an arbitrary and unreasonable manner, or when it acts without reference to any guiding principles. *Beaumont Bank, N.A. v. Buller*, 806 S.W.2d 223, 226 (Tex. 1991). When, as here, the record does not contain findings of fact or conclusions of law and the order of dismissal does not specify the reason for dismissal, we must affirm the order on any applicable legal theory supported by the record. *Bechem v. Reliant Energy Retail Servs., LLC*, No. 01-16-00189-CV, 2017 WL 976069, at \*3 (Tex. App.—Houston [1st Dist.] Mar. 14, 2017, pet. denied) (mem. op.); *see Rosemond v. Al-Lihiq*, 331 S.W.3d 764, 766 (Tex. 2011).

---

pertinent law and argument of counsel." Appellant, who has established indigence, requested a transcript of any hearing. However, the court reporter has notified this Court that a hearing, if any, was not recorded.

5

A trial court's authority to dismiss a case for want of prosecution derives from two sources: (1) Texas Rule of Civil Procedure 165a and (2) the trial court's inherent power. *Villarreal v. San Antonio Truck & Equip.*, 994 S.W.2d 628, 630 (Tex. 1999). A trial court may dismiss under Rule 165a for a "failure of any party seeking affirmative relief to appear for any hearing or trial of which the party had notice" or when a case is "not disposed of within the time standards promulgated by the Supreme Court." TEX. R. CIV. P. 165a. "[W]hen the trial court indicates that it is dismissing a case under rule 165a instead of through its inherent power, we may only affirm the dismissal if it was proper under rule 165a." *Parnell v. Parnell*, No. 2-09-270-CV, 2010 WL 2331411, at \*2 (Tex. App.—Fort Worth June 10, 2010, no pet.) (citing *Villarreal*, 994 S.W.2d at 631–33).

In addition, the common law vests the trial court with the inherent power to dismiss a civil suit, independently of the rules of civil procedure, if the plaintiff does not prosecute his case with due diligence. *Id.* at 630. In determining whether a party has demonstrated due diligence, the trial court may consider the entire history of the case, including the length of time that the case was on file, the extent of the activity in the case, whether a trial setting was requested, and the existence of reasonable excuses for delay. *See Jimenez v. Transwestern Prop. Co.*, 999 S.W.2d 125, 129 (Tex. App.—Houston [14th Dist.] 1999, no pet.).

6

"Whichever source of authority the court uses, the plaintiff must be provided with 'notice and an opportunity to be heard'" before dismissal. *Enriquez v. Livingston*, 400 S.W.3d 610, 615 (Tex. App.—Austin 2013, pet. denied) (quoting *Villarreal*, 994 S.W.2d at 630). A failure to provide adequate notice of intent to dismiss for want of prosecution and an opportunity to be heard requires reversal. *See Villarreal*, 994 S.W.2d at 630. A trial court may not dismiss a case for want of prosecution on a ground other than those for which it gave notice of its intent to dismiss. *See id.* at 632–33; *Britton v. Aimco Sandalwood L.P.*, No. 14-04-00985-CV, 2005 WL 3359711, at *1 (Tex. App.—Houston [14th Dist.] Dec. 6, 2005, pet. denied).

When a trial court dismisses under its inherent authority, an oral hearing is not required; rather, an opportunity to be heard requires an opportunity to respond at a meaningful time and in a meaningful manner. *Enriquez*, 400 S.W.3d at 616–17 ("We see no reason why the 'opportunity to be heard' necessary for due process before a suit may be dismissed for want of prosecution under the court's inherent power should necessitate an oral hearing."); *see Aguilar v. Briar Forest Apartments*, No. 01-97-00866-CV, 1999 WL 649162, at *1–2 (Tex. App.—Houston [1st Dist.] Aug. 26, 1999, no pet.) (holding that due process does not require oral hearing); *but see* TEX. R. CIV. P. 165a(3) (requiring oral hearing for reinstatement). In the context of a trial court's dismissal under its inherent authority, courts have held that a

"plaintiff whose suit is threatened with dismissal for want of prosecution has an adequate opportunity through written response, including affidavits if necessary, to show why his case should be retained on the court's docket." *Enriquez*, 400 S.W.3d at 617 (holding trial court did not err by failing to provide inmate oral hearing before dismissing his suit for want of prosecution pursuant to the court's inherent power).

## B.    Analysis

Here, the trial court, in its most recent scheduling order and notice of intent to dismiss, set a pre-trial conference for May 5, 2017, set trial for May 15, 2017, and stated that it would dismiss appellant's case if he did not, as pertinent here, (1) serve appellee with citation and (2) appear at the pre-trial conference and trial.

We first note that nothing in the trial court's notice, or in its subsequent dismissal order, states that the trial court intended to, or did, dismiss appellant's case under rule 165a. *See id.* at 615; *see also Villarreal*, 994 S.W.2d at 631–33. Thus, we consider whether the trial court abused its discretion in dismissing appellant's case under its inherent power. *See Enriquez*, 400 S.W.3d at 615–16.

We further note that appellant does not challenge the adequacy of the trial court's notice of its intent to dismiss his case. He asserts, rather, that he "complied with all necessary requirements" and prosecuted his case with diligence, until he was precluded from appearing at the pre-trial conference by the trial court's denial of his motion for a bench warrant or teleconference. The record shows that the trial court,

8

in its order denying appellant's motion for a bench warrant or teleconference, stated that it denied appellant's request because he had not served appellee with the suit. The trial court noted that it would reconsider his request once he demonstrated that he had served appellee and filed a motion to reconsider.

### 1. *Service of Process*

Evidence of a plaintiff's efforts in attempting to serve the defendant is one of many factors that an appellate court may consider in reviewing a trial court's order dismissing a case for want of prosecution. *See In re Marriage of Buster*, 115 S.W.3d 141, 143–45 (Tex. App.—Texarkana 2003, no pet.) (pro se inmate's repeated efforts at having citation issued and served, one of many factors demonstrating diligence in prosecuting case). "Texas courts have consistently held that lack of diligence may be shown based on unexplained lapses of time between the filing of the suit, issuance of the citation, and service of process." *Li v. Univ. of Tex. Health Sci. Ctr.*, 984 S.W.2d 647, 652 (Tex. App.—Houston [14th Dist.] 1998, pet. denied); *see Proulx v. Wells*, 235 S.W.3d 213, 216 (Tex. 2007). It is the responsibility of the party requesting service to see that proper service is sufficiently reflected in the record. *Primate Constr., Inc. v. Silver*, 884 S.W.2d 151, 153 (Tex. 1994).

Every pleading, plea, motion, or application to the court must be served on all other parties. TEX. R. CIV. P. 21(a). Unless the citation or an order of the trial court otherwise direct, the citation "shall be served" by (1) delivering to the defendant, in

9

person, a true copy of the citation with the date of delivery endorsed thereon with a copy of the petition attached thereto, or (2) mailing to the defendant by registered or certified mail, return receipt requested, a true copy of the citation with a copy of the petition attached. TEX. R. CIV. P. 106(a).

"When a party to a suit . . . shall make oath that the residence of any party defendant is unknown to affiant . . . and that after due diligence such party . . . ha[s] been unable to locate the whereabouts of such defendant, . . . the clerk shall issue citation for such defendant for service by publication." TEX. R. CIV. P. 109. "If personal service can be effected by the exercise of reasonable diligence, substituted service is not to be resorted to." *In re E.R.*, 385 S.W.3d at 561, 564 (Tex. 2012) ("[S]ervice by publication should be a last resort, not an expedient replacement for personal service."). "A diligent search must include inquiries that someone who really wants to find the defendant would make, and diligence is measured not by the quantity of the search but by its quality." *Id.* at 565. It is the duty of the court trying the case to "inquire into the sufficiency of the diligence exercised in attempting to ascertain the residence or whereabouts of the defendant . . . before granting any judgment on such service." *Id.* at 564.

In a divorce suit, citation may be by publication as in other civil cases. *See* TEX. FAM. CODE ANN. § 6.409 (West 2006). "If the citation is for a suit in which a parent-child relationship does not exist, service by publication may be completed by

10

posting the citation at the courthouse door for seven days in the county in which the suit is filed." *Id.* § 6.409(d). In a suit affecting the parent-child relationship, "[c]itation may be served by publication as in other civil cases to persons entitled to service of citation who cannot be notified by personal service or registered or certified mail and to persons whose names are unknown." TEX. FAM. CODE ANN. § 102.010(a) (West 2014) (emphasis added); *see, e.g.*, *Curley v. Curley*, 511 S.W.3d 131, 133 (Tex. App.—El Paso 2014, no pet.) (divorce suit involving conservatorship).

Here, appellant, in his petition and November 28, 2016 "Motion for Service," requested that appellee be served with process at the Family Law Center when she attended a scheduled hearing on December 8, 2016, in a child support case or on the "Court's Bulletin Board for seven days." Service by posting the citation at the courthouse door may be authorized in "suits in which a parent-child relationship *does not exist*." *See* TEX. FAM. CODE ANN. § 6.409(d) (emphasis added). Appellant's petition, however, includes a suit affecting his five children.

Further, appellant, in his petition and motion did not assert that he had been unable, despite due diligence, to locate appellee or that she could not be served in person. *See id.* § 102.010(a) ("Citation may be served by publication as in other civil cases to persons . . . who *cannot be* notified by personal service or registered or certified mail." (emphasis added)); *see also* TEX. R. CIV. P. 109 (providing that party

11

"shall make oath that the residence of any party defendant is unknown to affiant . . . and that after due diligence such party . . . ha[s] been unable to locate the whereabouts. . . ."). Rather, in his motion, appellant stated simply that he was "unaware of [appellee's] current address." *See In re Buggs*, 166 S.W.3d 506, 508 (Tex. App.—Texarkana 2005, orig. proceeding) ("It is clearly not part of the duty of the district clerk to seek out and locate" defendant "for the benefit of a plaintiff.").

On December 12, 2016, the trial court sent to appellant a notice of intent to dismiss the case if he did not serve appellee with citation. The record does not reflect that appellant took any action. *See Sharp v. Kroger Tex. L.P.*, 500 S.W.3d 117, 119–20 (Tex. App.—Houston [14th Dist.] July 21, 2016, no pet.) ("[T]he measure of diligence begins from the time the suit is filed and an explanation is needed for every period of delay."). Three months later, on March 20, 2017, the trial court sent appellant a second notice of its intent to dismiss the case if he did not serve appellee.

On March 31, 2017, appellant filed a second "Motion for Service," this time requesting service of process on appellee by certified mail, return receipt requested, at "9918 Haddick St., Unit B, Houston, Texas 77078." The record does not reflect, however, that the district clerk issued citation or that appellant took any further action. Six weeks later, on May 8, 2017, the trial court dismissed the case.

It is the duty of the district clerk to issue service of process in accordance with the rules. *See* TEX. R. CIV. P. 99(a) ("Upon the filing of the petition, the clerk, when

12

requested, shall forthwith issue a citation and deliver the citation as directed by the requesting party . . . ."). A party may ordinarily rely on the clerk to perform that duty within a reasonable time. *Edison v. Hous. Police Dep't*, No. 01-06-00552-CV, 2007 WL 1633911, at *2 (Tex. App.—Houston [1st Dist.] June 7, 2007, no pet.) (mem. op.); *see also Holmes v. Texas Mut. Ins. Co.*, 335 S.W.3d 738, 742 (Tex. App.—El Paso 2011, pet. denied). "Nevertheless, the duty to exercise diligence in ensuring that service is ultimately accomplished remains with the plaintiff." *Edison*, 2007 WL 1633911 at *2; *see also* TEX. R. CIV. P. 99(a) ("The party requesting citation shall be responsible for obtaining service of the citation and a copy of the petition."); *Bilinsco Inc. v. Harris Cty. Appraisal Dist.*, 321 S.W.3d 648, 652–53 (Tex. App.—Houston [1st Dist.] 2010, pet. denied); *Boyattia v. Hinojosa*, 18 S.W.3d 729, 733 (Tex. App.—Dallas 2000, pet. denied) ("The [plaintiff's] duty to exercise diligence continues until service of process is achieved."). "A pro se litigant is as responsible for prosecuting his action with diligence as any other litigant." *Edison*, 2007 WL 1633911, at *2. If, in the exercise of diligent prosecution, the plaintiff could have easily corrected a clerk's failure to issue citation, the delay in the case is charged against the plaintiff. *Allen v. Rushing*, 129 S.W.3d 226, 231 (Tex. App.—Texarkana 2004, no pet.).

In *Edison*, this Court upheld a trial court's dismissal for want of prosecution because the plaintiff did not act diligently in ensuring service on the defendants.

13

2007 WL 1633911, at *1. There, the plaintiff, an inmate proceeding pro se, sued the defendants in December 2004. *Id.* The Harris County Clerk's Office issued citation based on the information provided in the original petition. *Id.* Service was unsuccessful because the plaintiff had listed the wrong person for service. *Id.* The clerk's office promptly notified the plaintiff of the deficiency, and the plaintiff responded with amended service of process information. *Id.* However, the record did not indicate any further attempt to serve the defendants with the plaintiff's suit. *Id.* The next activity in the case occurred approximately one year later, when the trial court issued a notice of intent to dismiss. *Id.* The notice instructed the plaintiff that his case would be dismissed on February 20, 2006, unless a default judgment was signed, an answer was filed, or a verified motion to retain was filed. *Id.* Subsequently, the plaintiff sought to compel the district clerk to serve the named defendants and requested additional time in which to perfect service. *Id.* By May 2006, however, no proof of service or motion to retain on file, the trial court dismissed the case. *Id.* On appeal in *Edison*, we held that the plaintiff, had he acted with diligence, should have been able to determine well before January 2006 that service not been completed and that he had not provided the clerk with correct service information. *Id.* at *2. We held that the trial court did not err in dismissing the plaintiff's suit. *Id.*

14

In addition, this Court, and other courts, have also concluded that periods of unexplained activity before service that were much shorter than the delay in *Edison* demonstrated a lack of due diligence as a matter of law. *See Stoney v. Gurmatakis*, No. 01–09–00733–CV, 2010 WL 1840247, at *4 (Tex. App.—Houston [1st Dist.] May 6, 2010, no pet.) (mem. op.) (holding record established failure to exercise diligence in securing citation by waiting two months after filing suit to inquire with clerk's office as to whether citation had even been issued); *see also Stone v. Cunningham*, No. 05–06–01151–CV, 2007 WL 1206677, at *2 (Tex. App.—Dallas Apr. 25, 2007, pet. denied) (mem.op.) (affirming dismissal of case on docket "less than four months" where, based on plaintiff's requests that did not comport with rules of civil procedure, district clerk was unable to carry out duty of issuing citation); *Boyattia*, 18 S.W.3d at 734 (affirming dismissal where plaintiff took no action during three-month period citation was with clerk).

Again, the question of the plaintiff's diligence in effecting service is determined by examining the time it took to secure citation, service, or both, and the type of effort or lack of effort the plaintiff expended in procuring service. *Proulx*, 235 S.W.3d at 216. Here, appellant's lawsuit was on the trial court's docket for approximately six months.[2] Appellant's initial attempts to serve appellee in

---

[2] In family law cases, district court judges of the county in which cases are filed should, so far as reasonably possible, ensure that all cases are brought to trial or final disposition in conformity with the following time standards:

15

November 2016 did not, as discussed above, comply with the Rules of Civil Procedure. Thereafter, the record does not show any activity by appellant for four months. After the trial court sent appellant its March 20, 2017 notice of its intent to dismiss his suit in May 2017 if he did not serve appellee with process, appellant, on March 31, 2017, filed his second "Motion for Service." In his motion, appellant provided the clerk's office with appellee's address and requested citation by certified mail. However, the record does not show that citation issued or that appellant took any action. Six weeks later, the trial court dismissed the case.

We conclude that, with diligence, appellant could have, during the six-week period between the filing of his March 31, 2017 motion for service of citation and the May 5, 2017 pre-trial conference, determined that service had not occurred, notified the district clerk, or moved in the trial court to retain the case, with an explanation for the delay. The record does not reflect that appellant took any action.

---

(1)  Contested Family Law Cases. Within 6 months from appearance date or within 6 months from the expiration of the waiting period provided by the Family Code where such is required, whichever is later.

(2) Uncontested Family Law Cases. Within 3 months from appearance date or within 3 months from the expiration of the waiting period provided by the Family Code where such is required, whichever is later.

TEX. R. JUD. ADMIN. 6.1(b).

16

Moreover, we note that appellant did not move for reinstatement. This Court has held that "[w]hen an appellant has the opportunity to move for reinstatement, he waives any due process rights if he fails to move to reinstate." *Chisti v. Chisti*, No. 01-13-00780-CV, 2015 WL 967715, at *2 (Tex. App.—Houston [1st Dist.] Mar. 3, 2015, no pet.) (mem. op.) (citing *Wright v. Tex. Dep't of Crim. Justice—Inst'l Div.*, 137 S.W.3d 693, 695 (Tex. App.—Houston [1st Dist.] 2004, no pet.)); *see also* TEX. R. CIV. P. 165(a)(3) ("The same reinstatement procedures and timetable are applicable to all dismissals for want of prosecution including cases which are dismissed pursuant to the court's inherent power . . . .").

We conclude that the trial court could have reasonably concluded that appellant did not exercise due diligence in effectuating service on appellee.

### 2. *Appearance*

Appellant asserts that the trial court denied him his right to access the courts by denying his motion for a bench warrant or teleconference, which he sought in order to appear at the scheduled pre-trial conference on May 5, 2017, and at trial.

As a constitutional matter, a litigant cannot be denied access to the civil courts merely because of his status as an inmate. *In re Z.L.T.*, 124 S.W.3d 163, 165 (Tex. 2003). However, an inmate does not have an unqualified right to appear personally at every court proceeding. *Id.* Rather, when an inmate asks to be physically present for a proceeding, he must provide the trial court with sufficient factual information

to allow the court to assess the necessity of his appearing at the relevant hearing. *Id.* at 166. The trial court then must weigh the inmate's need for access against the need to protect the integrity of the judicial system. *Id.*

Here, the trial court, in its order denying appellant's motion for a bench warrant or teleconference, stated that it would reconsider appellant's motion once he demonstrated that he had served appellee. As discussed above, the record does not reflect that appellant served appellee.

Moreover, the "rules place the burden on litigants to identify with sufficient specificity the grounds for a ruling they seek," and a "litigant's status as an inmate does not alter that burden." *See id.* at 166. Appellant did not present any information in the trial court from which it could have assessed the necessity of his appearance at the pre-trial conference. *See id.* (inmate failed to provide any factual information showing why his interest in appearing outweighed impact on correctional system). As discussed above, a "plaintiff whose suit is threatened with dismissal for want of prosecution has an adequate opportunity through written response, including affidavits if necessary, to show why his case should be retained on the court's docket." *Enriquez*, 400 S.W.3d at 617; *see also Aguilar*, 1999 WL 649162, at *1.

We hold that the trial court did not abuse its discretion in dismissing appellant's case for want of prosecution.

We overrule appellant's sole issue.

**Conclusion**

We affirm the trial court's judgment.

Sherry Radack
Chief Justice

Panel consists of Chief Justice Radack and Justices Massengale and Brown.