

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-17-00066-CV
_____

DONOVAN DWIGHT SIMMS, APPELLANT

V.

JOHN R. GONZALES, APPELLEE

On Appeal from the County Court at Law No. 2
Potter County, Texas
Trial Court No. 101,846-2, Honorable Pamela Cook Sirmon, Presiding

August 6, 2018

## MEMORANDUM OPINION

Before CAMPBELL and PIRTLE and PARKER, JJ.

Appellant, Donovan Dwight Simms, an inmate proceeding pro se, raises two issues challenging the trial court's dismissal of his lawsuit against Gonzales. We will affirm.

### Factual and Procedural Background

Appellant is currently serving a prison sentence with the Texas Department of Criminal Justice – Institutional Division. On August 16, 2013, he filed a lawsuit in the

justice court against Gonzales, a correctional officer, alleging gross negligence, destruction of property, and/or assault. Appellant was unable to serve Gonzales and the suit was dismissed. Appellant perfected an appeal to the county court at law, but Gonzales was still not served with process. The suit was dismissed for want of prosecution in July of 2015. Appellant then filed an appeal to this Court, and we determined that appellant had timely requested a setting from the trial court before dismissal of his suit. *See Simms v. Gonzales*, No. 07-15-00334-CV, 2016 Tex. App. LEXIS 3220, at *2-3 (Tex. App.—Amarillo Mar. 29, 2016, no pet.) (mem. op.). Accordingly, we remanded to the trial court for further proceedings. *Id.* at *3.

On remand, the trial court conducted a hearing via teleconference on June 1, 2016, and attempted to obtain clarification on the service issue. The record indicates that appellant stated he had served Gonzales by serving his attorney: "I was in the process of trying to find an address, but what happened – I guess the Attorney General – one of the Assistant Attorney Generals had took the case when it was in the Court of Appeals and I ended up serving him." Upon further questioning by the court, appellant explained that he had "served" this attorney with his appellate brief and motion for video teleconference. The trial court concluded that appellant had not obtained service on Gonzales and advised him that he had to "figure out a way to serve [Gonzales] or [his] case will be dismissed."

Following the hearing and on its own initiative, the court contacted the aforementioned lawyer at the Texas Office of the Attorney General to determine whether he represented Gonzales. The attorney sent a letter dated June 23, 2016, to both the trial court and appellant stating that neither he nor the Office of the Attorney General

represented Gonzales. Appellant then sought to serve Gonzales by publication; the trial court denied this request by order dated July 26, 2016.

On October 10, 2016, the trial court advised appellant that his suit was set for dismissal on January 25, 2017, "[u]nless written request for a setting is received or good cause is shown for maintaining the case on the docket." The trial court dismissed the case on January 26, 2017. Appellant timely filed this appeal.

Analysis

By his first issue, appellant states that the trial court left the burden on him to determine Gonzales's address and obtain service of process on him. He maintains that he wrote letters to various state agencies in an attempt to obtain Gonzales's address and advised the trial court of his inability to find the address, but that he received no help. He asks: "The question now that arises is should the Appellant be burdened with serving the Appellee and should his suit be thrown aside and the interest of justice be ignored because of this?"

Upon the filing of an original petition, "the clerk must promptly issue a citation and deliver the citation as directed by the plaintiff. The plaintiff is responsible for obtaining service on the defendant of the citation and a copy of the petition with any documents filed with the petition." TEX. R. CIV. P. 501.1(a). It is the responsibility of the party requesting service to see that service is properly accomplished. *Primate Constr., Inc. v. Silver*, 884 S.W.2d 151, 153 (Tex. 1994). A plaintiff's duty to use diligence in effecting service continues until the defendant is served. *Reynolds v. Alcorn*, 601 S.W.2d 785, 788 (Tex. Civ. App.—Amarillo 1980, no writ).

The record reveals that the only address appellant provided for service on Gonzales was the address of the William P. Clements Unit of the Texas Department of Criminal Justice. However, appellant's petition acknowledged that Gonzales was no longer employed at the Clements Unit. The justice court clerk informed appellant that he was responsible for providing the necessary information to obtain service on the defendant. Appellant did not do so.

The cause was appealed to the county court at law on October 29, 2013, and, the following March, appellant wrote to that court inquiring as to the status of the case. The court replied, informing appellant that, "As the plaintiff, you are responsible for serving the respondent with notice of the lawsuit, setting the case for trial and giving the respondent notice of the hearing date and time. The Court and her staff cannot do these things for you." In response, appellant wrote to the court asking for assistance in finding Gonzales's address, serving Gonzales without knowing his address, or serving Gonzales by publication. The record shows no further activity in the case until May 18, 2015, when the court notified appellant the case would be dismissed in July unless he acted.

Appellant advances the general proposition that trial courts have or should have an obligation to assist him in effecting service of citation. However, appellant cites no applicable authority establishing that anyone other than he had the duty to determine Gonzales's whereabouts and perfect service on him. It is not the duty of the trial court clerk to seek out and locate the whereabouts of defendants for the benefit of a plaintiff. *See In re Buggs*, 166 S.W.3d 506, 508 (Tex. App.—Texarkana 2005, orig. proceeding). Moreover, pro se litigants have the same duty to comply with applicable laws and rules

4

of procedure, and to prosecute their claims with due diligence, as all other litigants. *Clemens v. Allen*, 47 S.W.3d 26, 28 (Tex. App.—Amarillo 2000, no pet.).

We conclude that appellant's claim that it was improper for him to bear the burden of ensuring service of process on the defendant in his lawsuit lacks an arguable basis in law. Therefore, we overrule appellant's first issue.

By his second issue, appellant contends that the trial court erred in dismissing his suit for want of prosecution because he made a written request for a setting on December 27, 2016. We review a trial court's dismissal for want of prosecution under a clear abuse of discretion standard. *MacGregor v. Rich*, 941 S.W.2d 74, 75 (Tex. 1997) (per curiam). An abuse of discretion occurs if the trial court acts without reference to any guiding rules or principles or acts in an arbitrary or unreasonable manner. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985).

The record contains a letter from appellant, dated December 27, 2016, in which he requests a setting date. This letter was file-stamped by the clerk's office on January 31, 2017. The date of the letter suggests that appellant composed it prior to the trial court's stated deadline of January 25, 2017. However, the record does not include a post-marked envelope or other evidence of when the letter was placed in the prison mail system which would allow us to determine when appellant gave the document to prison authorities for mailing. Without this essential evidence, we cannot establish that appellant's request for a setting was timely made. *Brooks v. TDCJ-ID*, No. 13-04-00320-CV, 2005 Tex. App. LEXIS 6018, at *5-6 (Tex. App.—Corpus Christi July 28, 2005, pet. denied) (mem. op.) (no abuse of discretion by trial court when it dismissed inmate's petition as untimely where

5

record contained no copy of post-marked envelope or evidence establishing when petition was placed in prison mail system; inmate's documents dated prior to deadline were insufficient to establish date); *see Boone v. Different*, No. 12-08-00468-CV, 2010 Tex. App. LEXIS 627, at *2 (Tex. App.—Tyler Jan. 29, 2010, no pet.) (mem. op.) (declining to hold that "date set forth beneath Appellant's signature on his original petition is evidence of when petition was received by the prison mail system.").

Because the record does not establish that appellant's request for a setting was timely, we cannot conclude that the trial court abused its discretion in dismissing his lawsuit. We overrule appellant's second issue.

Conclusion

Having overruled both of appellant's issues, we affirm the decision of the trial court.


Judy C. Parker
Justice

6