Opinion filed May 29, 2026



In The

# Eleventh Court of Appeals

_____

## No. 11-24-00315-CV

_____

## TODD WILLIAM BARR, Appellant

## V.

## TEXAS DEPARTMENT OF CRIMINAL JUSTICE, Appellee

**On Appeal from the 106th District Court**
**Dawson County, Texas**
**Trial Court Cause No. 24-05-21284**

## M E M O R A N D U M   O P I N I O N

Appellant, Todd William Barr, is an inmate confined in the Institutional Division of the Texas Department of Criminal Justice (TDCJ). Appearing pro se on appeal and in the trial court, he appeals the trial court's dismissal of his original and amended complaints and requests for injunctive relief against Bobby Lumpkin (executive director of TDCJ) and Brian Collier (former executive director of TDCJ).

Importantly, Appellant has not filed an affidavit of indigence in this case and has specifically asserted that he is not proceeding *in forma pauperis*.

## I. *Factual Background*

Appellant filed his complaint as a "Texas Tort Claim" under the "Theft Liability Act, [Section] 101.106(f), Tex. Civ. Prac. & Rem. Code" for the alleged retaliatory theft of his property by TDCJ representatives in the form of confiscated commissary items and an e-mail missing from his inbox, after Appellant's successful challenge of a previous disciplinary matter. Appellant requested that the trial court issue service to Lumpkin pursuant to Rule 99(a) of the Texas Rules of Civil Procedure. *See* TEX. R. CIV. P. 99(a).

Appellant concurrently filed an application for temporary injunction in which he requested the trial court to order the director of TDCJ to preserve evidence and cease all forms of retaliation. He also requested that (1) the trial court sign an order "enunciating all fees required in this filing [and] directing him to pay in full, up front those fees," and (2) the clerk or trial court serve Lumpkin through the Office of the Attorney General (OAG).

Prior to Lumpkin being served, the trial court signed an order directing the trial court clerk to forward Appellant's complaint and application to the OAG. The trial court's order also directed the OAG to file as amicus curiae an "advisory" with respect to whether Appellant had complied with the statutory requirements for an inmate filing.

Before the OAG filed its advisory, Appellant filed an amended complaint in which he (1) substituted Collier for Lumpkin as the "Respondent" because Lumpkin was "mistakenly listed," (2) requested service of citation for Collier pursuant to Rule 99, (3) stated that "Respondent is represented by the Texas Attorney General," and (4) directed service to the OAG's address. In the filing of both complaints,

2

Appellant styled the defendant in the case as TDCJ but named only Lumpkin or Collier as defendants and requested service on them in each respective petition.

In its advisory, the OAG asserted that Lumpkin was served but had been removed from the case when Appellant substituted Collier as the named party in his amended complaint. It further contended that (1) if Appellant was not proceeding *in forma pauperis*, he failed to effectuate service on Collier in compliance with Rule 106 of the Texas Rules of Civil Procedure, and (2) if Appellant was proceeding *in forma pauperis*, he failed to meet the pleading requirements of Sections 14.004(c) and 14.006(f) of the Civil Practice and Remedies Code. *See* TEX. R. CIV. P. 106; TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.004(c), .006(f) (West 2017).

The OAG explained that, in cases in which inmates are proceeding pro se and *in forma pauperis*, it facilitates representation and often waives formal service as a courtesy and cost-saving measure for the trial court. However, the OAG further explained that it does not extend this practice to proceedings in which the plaintiff is *not* proceeding *in forma pauperis*, and such parties are obligated to effectuate service under the applicable Texas Rules of Civil Procedure. The OAG concluded that the trial court must either (1) order appropriate service for Collier (if it determined that Appellant did not intend to proceed *in forma pauperis*), or (2) provide more time for the OAG to procure a request for representation from Collier.

The OAG asserted that it could not respond to Appellant's amended complaint as to Collier's representation without appropriate service upon Collier and a subsequent request for representation from Collier. Finally, the OAG argued that Appellant "clearly intend[ed] to proceed *in forma pauperis*," therefore it requested that the trial court dismiss his claims for failing to meet the pleading requirements in Chapter 14. Appellant asserts that he was not served with a copy of the OAG's advisory until after the trial court signed its order dismissing this case.

Without conducting a hearing, the trial court signed an order dismissing Appellant's original and amended complaints "for non-compliance with [the] requirements in Chapter 14." Appellant filed a request for reconsideration and notice of appeal, in which he reviewed and summarized his filings in the case, including his requests for the amounts of the fees for filing and service that were due, requests for receipts acknowledging all filings and fee payments, and proof of service from the district clerk. In his brief, Appellant asserts that the district clerk acknowledged that "all fees were paid," however, no receipts or other documentation are in the record.

In three issues, Appellant asserts that (1) the district clerk failed to properly serve Collier, (2) there was no need to file either an *in forma pauperis* application or a six-month trust account statement, and (3) his due process rights were violated because he was not served with a copy of the OAG's amicus advisory until after the trial court dismissed his case.[1] He requests that he "be placed back to a point in time where the Respondent is 'properly served.'" Because Chapter 14 of the Civil Practice and Remedies Code does not apply to cases in which an inmate, such as Appellant, is *not* proceeding *in forma pauperis*, we reverse and remand.

## II. *Analysis*

We first address Appellant's second issue because that was the stated basis of the trial court's order of dismissal. Chapter 14 applies to inmate suits brought where an "affidavit or unsworn declaration of inability to pay costs is filed by the inmate." CIV. PRAC. & REM. § 14.002(a). To preserve judicial resources, under Chapter 14, a trial court may dismiss an inmate's lawsuit for failing to comply with the chapter's procedural requirements. *Id.* § 14.003(a); *Sporn v. Collier*, No. 11-22-00349-CV,

---

[1]The OAG filed an amicus advisory in our court in which it stated that it would not file a brief on behalf of TDCJ because the OAG never appeared in the trial court prior to the dismissal of the case; therefore, TDCJ is not the appellee and will not file a brief.

4

2024 WL 5160430, at *2 (Tex. App.—Eastland Dec. 19, 2024, no pet.) (citing *Scott v. Gallagher*, 209 S.W.3d 262, 265 (Tex. App.—Houston [1st Dist.] 2006, no pet.)). We review a trial court's dismissal of a suit that is governed by Chapter 14 for an abuse of discretion. *Sporn*, 2024 WL 5160430, at *3. We will affirm the trial court's dismissal if it is proper under any legal theory. *Id.* (citing *Johnson v. Lynaugh*, 796 S.W.2d 705, 706–07 (Tex. 1990)).

Here, Appellant clearly asserts that he is *not* proceeding *in forma pauperis* and therefore an affidavit or unsworn declaration of inability to pay costs was not necessary. And we note that no such document has been filed by Appellant. He requested the trial court to inform him of the filing fees so that he could pay them in full, and Appellant has explicitly asserted that he is not proceeding *in forma pauperis*. Therefore, Chapter 14 does not apply to Appellant's case. *See* Civ. Prac. & Rem. § 14.002(a); *cf. Sporn*, 2024 WL 5160430, at *2 ("Because Appellant is an inmate proceeding pro se who filed a statement of inability to pay costs, this suit is governed by Chapter 14.").

Accordingly, we sustain Appellant's second issue.

In his first issue, Appellant contends that Collier is the properly named "Respondent" because he was named prior to all fees being paid, and the Dawson County District Clerk failed to properly serve Collier as requested in his complaint. The OAG's advisory acknowledged this and does not contend that Appellant had failed to pursue service.

Unless a defendant has waived citation, a trial court lacks personal jurisdiction over a defendant to whom citation has not been "issued and served in a manner provided for by law."[2] *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990). In its

---

[2]Appellant's case is subject to the customary rules of civil litigation, including the Texas Rules of Civil Procedure. *See Summers v. State Dep't of Criminal Justice*, 256 S.W.3d 752, 756 (Tex. App.— Beaumont 2008, no pet.) ("[I]nmates, even though proceeding pro se, must comply with applicable laws

5

advisory, the OAG explained that, in inmate litigation where the individual is proceeding *in forma pauperis*, it typically agrees to locate state prison officials and seek authorization to represent the official and waive service on their behalf, as a courtesy to the trial court to conserve judicial resources as it relates to service of process, but that it does not do so for non-indigent plaintiffs such as Appellant in this case.[3]

In this instance, the OAG recommended that, if Appellant was not proceeding *in forma pauperis*, the trial court should either (1) order appropriate service for Collier (if it determined that Appellant did not intend to file *in forma pauperis*), or (2) provide the OAG more time to procure a request for representation from Collier. Because we hold that Chapter 14 does not apply to Appellant's case, a remand is

---

and rules of procedure."). Rule 99(a) provides that the clerk, "when requested, shall forthwith issue a citation and deliver the citation as directed by the requesting party." TEX. R. CIV. P. 99(a). "Once a plaintiff initiates a lawsuit by filing an original petition, citation should issue and be served, along with the original petition, on all named defendants." *In re Buggs*, 166 S.W.3d 506, 507 (Tex. App.—Texarkana 2005, no pet.); *See* TEX. R. CIV. P. 21, 99(a), 106. "The party requesting citation shall be responsible for obtaining service of the citation and a copy of the petition. Upon request, separate or additional citations shall be issued by the clerk." TEX. R. CIV. P. 99(a). This responsibility extends to assuring that service is properly reflected in the record. *See Morris v. Terrazas*, No. 11-16-00095-CV, 2017 WL 2484341, at *4 (Tex. App.—Eastland June 8, 2017, no pet.) (mem. op.) (citing *Primate Constr., Inc. v. Silver*, 884 S.W.2d 151, 153 (Tex. 1994)).

[3]Appellant asserts that "all required fees were paid in full, up front" including "fees for 'copies' of citation of service." He explains that, after the filing of his amended complaint, the Dawson County District Clerk issued citation by certified mail to Lumpkin rather than Collier and that the return of service was received by the clerk. And he asserts that the clerk confirmed that "all fees were paid" and required additional "bogus fees" for "copies of citation served," which he also paid. Although Appellant describes identifying details of the receipts for his fee payments, as well as the certified mail and return receipts, these documents are not included in the appellate record (although he states that the clerk did not supply him with proof of service by certified mail, he acknowledges that the clerk sent him a receipt for fees paid). Lacking any evidence in the record, we cannot give credence to Appellant's references to the evidence he alleges in his brief. *See Lucio v. Armendarez*, No. 11-24-00125-CV, 2025 WL 3672303, at *3 (Tex. App.—Eastland Dec. 18, 2025, no pet.) (mem. op.) ("We cannot look outside the record in an effort to discover relevant facts omitted by the parties; rather, we are bound to determine this case on the record as filed." (quoting *Quorum Int'l v. Tarrant Appraisal Dist.*, 114 S.W.3d 568, 572 (Tex. App.—Fort Worth 2003, pet. denied))); *see* TEX. R. APP. P. 34.1 ("The appellate record consists of the clerk's record and, if necessary to the appeal, the reporter's record."); *see also* TEX. R. APP. P. 38.1(i) ("The brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record."). Nevertheless, the OAG's advisory does not contend that Appellant failed to pursue service on Collier.

appropriate so that the trial court may address these recommendations. Accordingly, we sustain Appellant's first issue.

In his third issue, Appellant contends that his right to due process was violated because he did not receive the OAG's advisory until 48 days after the trial court signed its order of dismissal and 109 days after the advisory was filed. Appellant attached to his brief a cover letter from the OAG which states that the OAG sent a copy of the advisory to Appellant via certified mail. Appellant asserts he never received this copy and that the identification number given to him by the OAG does not correspond to an existing piece of mail. Attachments to an appellate brief are not a part of the appellate record and we may not consider them. *See Children of the Kingdom v. Central Appraisal Dist. of Taylor Cnty.*, 674 S.W.3d 407, 415 n.3 (Tex. App.—Eastland 2023, pet. denied); *Creekside Rural Invs., Inc. v. Hicks*, 644 S.W.3d 896, 906 n.5 (Tex. App.—Eastland 2022, no pet.); *Randle v. Wilson*, 26 S.W.3d 513, 515 n.1 (Tex. App.—Amarillo 2000, no pet.). However, because we reverse this appeal on other grounds and Appellant has not pointed to any part of the record to support this argument, we will not address it here. *See* TEX. R. APP. P. 47.1.

### III. *This Court's Ruling*

We reverse the order of the trial court, and we remand this cause to it for further proceedings consistent with this opinion.


W. STACY TROTTER
JUSTICE


May 29, 2026

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.

7